SAMUEL G. ALLEN *vs.* SAMUEL W. K. ALLEN *et als.*

A. made a mortgage of realty with powers of sale and died intestate. After his death the mortgagee sold the realty and obtained a surplus over his claim. On a bill of interpleader brought by the mortgagee against the administrator with will annexed, the heirs, and the devisees of the deceased:

*Held,* that the heirs and devisees were entitled to the profits of the surplus until legal measures were taken by the administrator to apply the surplus to the payment of the debts of his decedent.

*Draper* v. *Barnes, ante,* p. 156, affirmed.

*Held,* further, that the heirs and devisees were entitled to receive the surplus on giving proper security to repay it, or so much of it as might be needed to pay the debts of the decedent.

*Held,* further, that if such security was not given the surplus should be paid into the registry of the court.

*Held,* further, that this court would administer the surplus as the Court of Probate would do.

There being under the will certain future and contingent interests:

*Held,* that these interests should have the same protection as to the principal of the surplus which they would have received if the surplus had not been converted from realty into personalty.

BILL OF INTERPLEADER. George W. T. Allen, of North Kingston, executed a mortgage of certain realty to Samuel G. Allen, and died testate. Samuel G. Allen sold the realty, after the death of the mortgagor, to satisfy the mortgage debt, under the powers given in the mortgage, and after full satisfaction held a surplus arising from the proceeds of the sale. He then filed a bill of interpleader against the personal representatives, the heirs and the devisees of the mortgagor, praying that they might be compelled to interplead and ascertain their respective claims to the surplus.

*March* 1, 1879. POTTER, J. This is a question of the effect of the conversion of real into personal estate. The estate was sold by the mortgagee after the death of the mortgagor, and the surplus is now in the hands of the mortgagee.

If sold before the death of the mortgagor, the surplus would have been treated as personal estate and have gone to the personal representatives. In the present case it is to be treated as real estate as to the rights of all parties.

If it had remained in the form of real estate at the death of the mortgagor, the heir or devisee would have been entitled to immediate possession, and would have retained possession until the executor or administrator took means to have it applied to the payment of debts.

We have decided in the case of *Draper* v. *Barnes*, *ante*, p. 156, that there is nothing in the language of any of our statutes to imply that the heir can be called to account for any rents or profits he may have received. The practical construction has always, we believe, been in accordance with that view.

We think, therefore, that the heirs or devisees, as the case may be, are entitled to the profits of the fund in the hands of the complainant already accrued or which may accrue until measures are taken to have it applied to the payment of debts, and that they should also be entitled to the fund on giving proper security to repay so much as may be needed, and whenever needed, for the payment of debts, or that it should be paid into the registry of the court and placed at interest until so needed; and that upon satisfactory proof by the administrator that the fund or any part of it is required for the payment of debts, the court will make the necessary order for payment by the heirs or devisees, or out of the registry of the court, in the same manner as the Court of Probate would have done if the fund had remained real estate.

The decree will be framed to carry out this opinion, and also provide that the cause be retained for such further order or decree as may be necessary. See *Breevort* v. *M'Jimsey*, 1 Edw. Ch. 551.

After the foregoing opinion had been given, the parties stated to the court that the time within which appeals could be taken from the report of the commissioners on the estate of the deceased which had been represented insolvent had expired, Gen. Stat. R. I. cap. 175, § 13, and that the administrator, finding that the fund was not needed to pay the debts of the estate, assented to the distribution of the fund according to the provisions of George W. T. Allen's will.

On motion for a decree to this effect:

PER CURIAM. If there was any probability that this fund would be needed for payment of debts, the court would protect the administrator and creditors. Notwithstanding a creditor may not have presented his claim to the commissioners, Gen. Stat. R. I. cap. 175, §§ 19, 20, he may still sue the administrator

at any time after two years and within three years if there be estate remaining in the administrator's hands after paying the allowed claims. But as the administrator assents, we see no objection to making the proposed decree so far as he is concerned.

But under the will there are future and contingent interests. If this fund was still real estate, the trustee under the will would hold it, and apply the income; but the principal of the fund would be safe, because the trustee could not dispose of the land without an order of the court.

And the fund being now personalty, should be kept as safe for those having future and contingent interests as if it remained realty. It should not be paid over to the first named trustee in the will without proper security; and if that cannot be given by him, it should remain in the registry of the court.

*Decree referring the case to a master, to take an account of the fund arising from the mortgage sale by the complainant, and of the charges to be made against it.*